# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA L. GALVAN,<br><br>  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>  Defendant. | Case No. 2:14-cv-01439-LDG-CWH<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Maria L. Galvan's ("plaintiff") application for disability insurance benefits and supplemental security income under Title II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 23), filed March 27, 2015, and defendant's Response and Cross-Motion to Affirm (docs. # 24, # 25),[1] filed April 27, 2015. Plaintiff did not file a reply. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

In June 2011, plaintiff applied for disability insurance benefits and supplemental security income, alleging an onset date of November 1, 2010. AR[2] 134-44, 176. A hearing was held before an Administrative Law Judge ("ALJ") on December 4, 2012. AR 29-45. On March 6, 2013, the ALJ issued a decision finding plaintiff was not disabled from November 1, 2010, through the date of the decision. AR

---

[2] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 24, # 25. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 24, even though an identical argument is presented in defendant's opposition, doc. # 25.

[3] AR refers to the administrative record lodged with this Court. See Doc. # 18.

15-22. The Appeals Council denied plaintiff's request for review on August 15, 2014, rendering the ALJ's decision final.[3] AR 1-2. Plaintiff, on September 4, 2014, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 1; see also Doc. # 3.

# DISCUSSION

## 1. Legal Standards

### a. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the

---

[4] The ALJ's decision becomes the final administrative decision of defendant.

Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

**b.    Disability Evaluation Process**

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful

activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not

---

[5] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

4

substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 15-22. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of November 1, 2010. AR 18. At step two, the ALJ found that plaintiff had medically determinable impairments of diabetes mellitus, hypertension, leg and back pain, and fibromyalgia with multi-body area pain, but plaintiff did not have "severe" impairments. AR 18-19. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for twelve (12) consecutive months and, as such, plaintiff did not have an impairment or combination of impairments that met or medically

equaled a listed impairment in 20 C.F.R. Part 404, et seq. and 416.921, et seq. AR 19. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of November 1, 2010, through the date of the decision. AR 22.

**3.    Analysis**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by finding that plaintiff did not suffer from a "severe" impairment under step 2 of the sequential evaluation process. In support, plaintiff contends the ALJ failed to consider Dr. John Edgcomb's ("Edgcomb") opinion that plaintiff: (1) could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; (2) could stand and/or walk for about 6 hours during an 8-hour workday; (3) could occasionally climb ramps/stairs, stoop, kneel, and crouch; and (4) should avoid extreme, cold, heat, and hazards. See Doc. # 23 at 6 (citing AR 338, 340). Plaintiff also contends that the ALJ failed to consider plaintiff's 2011 emergency room visit at which plaintiff was diagnosed with lumbar spondylosis, along with plaintiff's visit to a clinic in 2012 at which she was diagnosed with osteoarthritis, back pain, pain in limb, fibromyalgia, diabetes, hyperlipedima, and hypertension. Id. (citing AR 351, 374-77). Plaintiff further contends that the ALJ has an "extreme lack of medical understanding of fibromyalgia," a purportedly complex medical condition. Id. at 7 (citing, among others, SSR 12-2p and Glenn v. Apfel, 102 F. Supp. 2d, 1259 (D. Kan. 2000)). Plaintiff adds that the ALJ's opinion regarding her past relevant work is unsupported by substantial evidence, and that the record is unclear as to what work qualifies as substantial gainful activity. Id. at 8 (citing AR 32, 186). Given such, plaintiff concludes she has met the de minimis standard, and the record shows she suffers from a severe impairment that impedes her ability to complete basic work functions.

Defendant, in opposition, argues that the ALJ articulated valid reasons for finding that plaintiff did not have a "severe" impairment, or combination of impairments, because evidence on the record showed that plaintiff's impairments did not significantly limit (or were not expected to significantly limit) her ability to perform basic work-related activities for 12 consecutive months. In support, defendant first points out that plaintiff errs in relying on Edgcomb's opinion to establish that plaintiff had some limitations, especially since Edgcomb's opinion was proffered on May 6, 2008, more than two years before plaintiff's alleged disability onset date. Doc. # 24 at 5 (citing AR 336-43). Defendant next points

1  out that the ALJ actually found that plaintiff had fibromyalgia even though plaintiff was unaware of the
2  diagnosis and "there were very few mentions of it in the record." Id. at 4. Defendant then points out that
3  plaintiff's June 2011 emergency room visit, at which plaintiff was diagnosed with fibromyalgia and other
4  conditions, revealed that plaintiff had full ranges of motion in the back, knees, and hips, without any
5  limitations despite pain, and that while plaintiff took a number of medications, fibromyalgia was not on
6  the active list of conditions. Id. at 4 (citing AR 18, 375-76, 400-01). Defendant also points out that Dr.
7  Amy L. Kanner ("Kanner") opined that despite plaintiff's pain, multiple diagnoses, and "possible"
8  fibromyalgia, plaintiff had "no functional limitations," and plaintiff fails to present any evidence showing
9  she had significant and lasting limitations. Id. at 4-5 (citing AR 416-17). Moreover, while defendant
10 concedes that the "severity finding" is "a de minimis one," defendant contends that plaintiff failed to
11 satisfy her burden of presenting evidence showing she had a severe impairment that prevented
12 performance of substantial gainful activity, and that her impairment lasted for at least 12 continuous
13 months. Id. at 5. Instead, per defendant, plaintiff offers nothing but conclusory and unsupported
14 statements to establish that the ALJ did not properly consider the record before him. As such, defendant
15 asks the Court to affirm the ALJ's decision. Plaintiff did not file a reply.

16  This Court is not persuaded by plaintiff's arguments, and agrees with defendant. The record
17 reveals that at least one doctor, Kanner, found that plaintiff had "no functional limitations," and plaintiff
18 failed to present any evidence to the ALJ or to this Court demonstrating that she had impairments that
19 could significantly limit her ability to perform basic work-related activities for 12 consecutive months.
20 This Court finds that the ALJ carefully reviewed and weighed all relevant medical opinions, regulations,
21 and guidelines in determining the instant case. Contrary to plaintiff's assertions, moreover, the ALJ
22 provided specific, clear, and convincing reasons for deciding step 2 of the sequential evaluation process.

23  **CONCLUSION AND RECOMMENDATION**

24  Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand
25 (doc. # 23) be **denied**.

26  **IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 24) be
27 **granted**.

28 //

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 9, 2015

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**